IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Dorothy J. Mitchell, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> United States of America, ) <br> ) <br> Respondent. ) <br> _____) | Criminal Action No.: 7:11-cr-00053-JMC-2 <br><br> **ORDER & OPINION** |

This matter is before the court on Petitioner Dorothy J. Mitchell's ["Mitchell"] Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody [Dkt. No. 1595] pursuant to 28 U.S.C. § 2255. The United States of America (the "Government") filed a response in opposition to Mitchell's motion and contemporaneously moved for summary judgment [Dkt. No. 1643]. Pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir.1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant has filed his response and the matter is ripe for resolution.

A prisoner in federal custody under sentence of a federal court may petition the court that imposed the sentence to vacate, set aside, or correct the sentence. *See* 28 U.S.C. § 2255. The prisoner may be entitled to relief upon a showing: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack. *Id.* A petitioner collaterally attacking his sentence or conviction pursuant to § 2255 bears the burden of proving his grounds for collateral attack by a preponderance of the evidence. *White v. United States*, 352 F. Supp. 2d 684, 686 (E.D. Va. 2004) (citing *Miller v. United States*, 261 F.2d 546 (4th Cir. 1958)). In ruling

1

on a § 2255 motion, the court may dismiss the motion without a hearing where "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." 28 U.S.C. § 2255(b) (noting that a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

The Government has also sought summary judgment on Mitchell's claims in this case. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).

After reviewing the parties' respective memoranda and the record of the underlying proceedings, the court determines that an evidentiary hearing is unnecessary. For the reasons set forth herein, the court **DENIES** Mitchell's § 2255 motion and **GRANTS** summary judgment in favor of the Government.

## FACTUAL AND PROCEDURAL BACKGROUND

Mitchell was indicted by a Federal Grand Jury in the District of South Carolina for conspiracy to commit mail fraud in violation of 18 U.S.C. § 1341 and § 1349. On January 20, 2011, Mitchell was arraigned and entered a plea of not guilty. Assistant Federal Public Defender David Plowden was appointed to represent her. On April 21, 2011, Mitchell changed her plea to guilty. Following Mitchell's guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSR") establishing a sentencing range in accordance with the United States Sentencing Guidelines (the "Guidelines"). The PSR recommended a total offense

level of 26, a criminal history category III, probation ineligibility, and a total sentencing range of 78-97 months.

Mitchell submitted two objections to the PSR. *See* Amended Addendum to the Presentence Investigation Report [Dkt. No. 743-1]. First, Mitchell objected to the two-point vulnerable victim enhancement, which was recommended because Mitchell's fraudulent activities allegedly included cashing her son's disability checks and keeping some of the money. *Id*. Second, Mitchell objected to the four-point enhancement recommended as a result of her alleged role as a leader or organizer in the conspiracy.

On July 20, 2011, Mitchell retained her own counsel and David Plowden's appointment was terminated. On August 10, 2011, Mitchell appeared with counsel for a sentencing hearing before this court. At the sentencing hearing, the Government alerted the court to a stipulation negotiated with Mitchell prior to the hearing. *See* Sentencing Hearing Transcript [Dkt. No. 1622]. Counsel for the Government summarized the stipulation as follows:

> Ms. Dorothy Mitchell will not challenge her four point leadership role in this case and in exchange for not having to argue that at this late hour the government agrees that her loss amount will be between 400[000] and a million dollars, rather than the 1.8, which will take two points off the calculation of the guidelines.

*Id.* at 9. The court then asked whether Mitchell challenged any of the factual recitation in the report, to which she responded "No Ma'am." *Id*. Defense counsel stated that the stipulation addressed the objection to the leadership role enhancement, and he proceeded to address Mitchell's other objection regarding the two-point vulnerable victim enhancement. *Id*. The court ultimately decided to remove this enhancement based on conflicting evidence as to whether Mitchell's actions involving her son's disability checks were part of the fraud conspiracy. *Id*. at 11.

The court then proceeded to review Mitchell's sentencing calculation, which included a

base level calculation of seven; a fourteen-point enhancement based on the lowered loss amount range stipulated to by the parties; a four-point enhancement for her leadership role in the conspiracy also stipulated to by the parties; a three-point reduction for accepting responsibility; and the removal of the two-point vulnerable victim enhancement. *Id*. at 10-11. The court found that these calculations, coupled with Mitchell's criminal history resulted in a sentencing range of 51-63 months and at least two but not more than three years of supervised release. *Id*. The sentencing range adopted by the court was well below the 78-97 month sentencing range recommended in the PSR. *Id*. Defense counsel requested that the court enter a judgment at the lower end of her sentencing range, noting Mitchell's health problems, her inability to work, and the lack of financial ability to take care of her children, all of which led her to participate in the fraud scheme.

The court sentenced Mitchell to 53 months imprisonment, three years of supervised release and restitution in the amount of $205, 705.12 to be paid at a rate of no less than $200.00 per month beginning sixty (60) days after release from incarceration. Moreover, the court noted it had considered Mitchell's criminal history and characteristics and further acknowledged that a sentence within the Guidelines was appropriate. Mitchell did not appeal her sentence.

Mitchell timely[1] filed the instant Motion to Vacate, Correct, or Set aside her sentence pursuant to 28 U.S.C. § 2255. In her motion, Mitchell contends that she received ineffective assistance of counsel because her counsel failed to argue for the removal of Mitchell's role enhancement; that the prosecutor engaged in misconduct in calculating Mitchell's sentencing

---

[1] The Court entered its judgment against Mitchell on August 17, 2011. Mitchell filed the instant motion on July 12, 2012. The filing is within the one-year time limitations set forth in 28 U.S.C. § 2255.

4

enhancements; that the restitution amount was improper; and that the District Judge imposed a sentence greater than the maximum allowable.

## DISCUSSION

**Ineffective Assistance of Counsel**

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate: (1) that the representation of counsel fell below an objective standard of reasonableness; and (2) that the petitioner was prejudiced by counsel's deficiencies to the extent that she was denied a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687-92 (1984). The petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. The court reviews "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690.

The *Strickland* two-pronged test also applies when a petitioner alleges ineffective assistance of counsel at the guilty plea stage. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). In the context of a guilty plea, the first prong of the *Strickland* test is the same while the prejudice prong requires the court to "determine whether 'but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial.'" *United States v. Mooney*, 497 F.3d 397, 404 (4th Cir. 2007) (quoting *Hill*, 474 U.S. at 59)).

Here, Mitchell argues that her counsel failed to fully investigate Mitchell's involvement in the fraud scheme which resulted in his failure to challenge Mitchell's leadership role sentencing enhancement under the U.S.S.G. § 3B1.1(a).[2] Mitchell further alleges that she did not

---

[2] This section, "Aggravating Role," provides that "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by levels." U.S.S.G. § 3B1.1(a)(emphasis in original).

understand that in accepting the plea agreement, she would be responsible for a loss amount of $400,000.00 to $1,000,000.00. These arguments are unavailing.

First, the stipulation agreed upon by the Government and Mitchell in which she agreed not to challenge the enhancement for her leadership role in exchange for a reduction in the loss amount was stated plainly on the record. Second, Mitchell was specifically asked, after the Government described the stipulation in which it was agreed she would not challenge her role as a leader, whether she wished to challenge any of the factual recitations in the report. She did not challenge the stipulation, the allegations that she was a leader in the conspiracy, or her attorney's statement that the stipulation satisfied her prior objection to the leadership enhancement. In addition, Mitchell was given an opportunity to address the court directly during her sentencing. In that statement, Mitchell addressed the facts regarding her vulnerable victim enhancement, but she did not address the issue of her alleged leadership role in the conspiracy or the loss amount attributable to her. Mitchell cannot now claim that she did not agree with or understand the plea agreement.

Additionally, the plea agreement offered by the Government was favorable to Mitchell. The plea agreement reduced her overall point calculation by two points and significantly reduced the loss amount for which she was responsible. It was not unreasonable for Mitchell's counsel to recommend that Mitchell accept the Government's offer to reduce the loss amount in lieu of challenging the leadership role enhancement, especially in light of the fact that the PSR contained numerous allegations tending to show that Mitchell qualified as a leader in the conspiracy for the purposes of U.S.S.G. § 3B1.1. It would have been entirely unreasonable for Mitchell's counsel to reject the plea agreement and instead proceed to trial given the statutory maximum sentence of twenty years that Mitchell faced. For these reasons, Mitchell has failed to

demonstrate that counsel's representation fell below an objective standard of reasonableness, and thus fails to demonstrate that her counsel was ineffective for failing to present further challenges to her leadership role enhancement. *See Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999) ("Consequently, there was more than sufficient evidence to establish Wright's leadership role in the conspiracy, and thus, Wright's counsel was clearly not ineffective for failing to challenge the § 3B1.1 enhancement.")

**Prosecutorial Misconduct**

"To prevail on a claim of prosecutorial misconduct, a defendant must show (1) that the prosecutor's remarks and conduct were, in fact, improper and (2) that such remarks or conduct prejudiced the defendant to such an extent as to deprive the defendant of a fair trial." *United States v. Allen*, 491 F.3d 178, 190 (4th Cir. 2007) (internal citations omitted).

In her original motion, Mitchell alleged that the judge told the prosecutor to remove the four-point enhancement for her leadership role and that the prosecutor improperly added a two-point vulnerable victim enhancement. In fact, the Judge did not tell the prosecutor to remove the leadership enhancement, and the vulnerable victim enhancement was not included in the court's final calculation. In her Reply, Mitchell concedes that her original argument was flawed and instead attempts to allege that the Government wrongly characterized Mitchell as a leader in an effort to make up for the Government's failure to bring charges against James Leon Henson, who Mitchell alleges is the true mastermind behind the scheme.

The court found that the record supported Mitchell's leadership role sentencing enhancement. When considering whether a co-conspirator is leader for the purposes of a role enhancement, courts are instructed to look for evidence that, among other things, the defendant exercised decision making authority, recruited accomplices, and planned or organized others.

*See* U.S.S.G. § 3B1.1. The Government's position that Mitchell was a leader is well supported by allegations in the PSR. Co-conspirators claimed that Mitchell recruited individuals to participate in the conspiracy, organized and instructed crews on how to engage in the fraud scheme, and accompanied other "check negotiators" on shopping trips and signed checks for them. Because the record contains evidence that Mitchell had the characteristics of a leader as defined in U.S.S.G. § 3B1.1, Mitchell cannot establish that the role enhancement was the result of prosecutorial misconduct.

**Improper Restitution Amount**

Mitchell asserts that the restitution amount of $205.705.12 is improper because the Government has failed to prove that actions Mitchell admitted to undertaking caused loss to two of the alleged victims in this case, Certegy Check Services and TeleCheck. Mitchell claims that she did not transact any business with these companies and that she should not be held responsible for the bad acts of her co-conspirators.

A sentencing court imposes restitution under the Mandatory Victim's Restitution Act ("MVRA"), 18 U.S.C. § 3663A(a)(1). Under the Act, "victims" are defined as persons "directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." 18 U.S.C.A. § 3663A(a)(2). "[U[nder the MVRA, each member of the conspiracy that in turn causes property loss to a victim is responsible for the loss caused *by the offense*." *United States v. Newsome*, 322 F.3d 328, 341 (4th Cir. 2003) (emphasis in original). Certegy Check Services and TeleCheck were unquestionably victims of the fraud conspiracy in which Mitchell participated. Mitchell's argument that the

Government has not tied her specific actions to specific amounts of damages suffered by Certegy Check Services and TeleCheck is not relevant to her responsibility for restitution given her admitted role in the conspiracy.

**Imposition of Sentence Greater than the Maximum Authorized**

Finally, Mitchell's motion asserts this court imposed a sentence greater than the maximum authorized by the facts in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *United States v. Booker*, 543 U.S. 220 (2005). In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. *Booker* reaffirmed the holding in *Apprendi* in the context of the Federal Sentencing Guidelines. 543 U.S. at 244. In this case, Mitchell's sentence of 53 months was not greater than the prescribed statutory maximum for the crime for which she pleaded guilty, which was 20 years. Therefore, the court did not err in sentencing Mitchell and denies Mitchell's request for resentencing.

## CONCLUSION

For the foregoing reasons, the court **DENIES** Petitioner Dorothy Mitchell's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody [Dkt. No. 1595]. Additionally, the court finds no genuine issues of material fact remain and thus **GRANTS** the United States of America's Motion for Summary Judgment [Dkt. No. 1643].

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED**.

*J. Michelle Childs*
United States District Judge

April 2, 2013
Greenville, South Carolina