# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| Hope S. Mitchell, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>United States of America, )<br>)<br>Respondent. )<br>_____) | Criminal Action No.: 7:11-cr-00053-JMC-1<br><br>**ORDER AND OPINION** |

This matter is before the court on Petitioner Hope S. Mitchell's ["Mitchell"] *pro se* Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody [Dkt. No. 1597] pursuant to 28 U.S.C. § 2255. The United States of America (the "Government") filed a response in opposition to Mitchell's motion and contemporaneously moved for summary judgment [Dkt. No. 1647]. Pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir.1975), the court advised Mitchell of the summary judgment procedure and the consequences if she failed to respond. Mitchell has filed her response, and the matter is now ripe for resolution.

A prisoner in federal custody under sentence of a federal court may petition the court that imposed the sentence to vacate, set aside, or correct the sentence. *See* 28 U.S.C. § 2255. The prisoner may be entitled to relief upon a showing: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack. *Id.* A petitioner collaterally attacking his sentence or conviction pursuant to § 2255 bears the burden of proving his grounds for collateral attack by a preponderance of the evidence. *White v. United States*, 352 F. Supp. 2d 684, 686 (E.D. Va. 2004) (citing *Miller v. United States*, 261 F.2d 546 (4th Cir. 1958)). In ruling

on a § 2255 motion, the court may dismiss the motion without a hearing where "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." 28 U.S.C. § 2255(b) (noting that a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

The Government has also sought summary judgment on Mitchell's claims in this case. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).

After reviewing the parties' respective memoranda and the record of the underlying proceedings, the court determines that an evidentiary hearing is unnecessary. For the reasons set forth herein, the court **DENIES** Mitchell's § 2255 motion and **GRANTS** summary judgment in favor of the Government.

## FACTUAL AND PROCEDURAL BACKGROUND

Mitchell was indicted by a Federal Grand Jury in the District of South Carolina for conspiracy to commit mail fraud in violation of 18 U.S.C. § 1341 and § 1349. On January 20, 2011, Mitchell was arraigned and entered a plea of not guilty. Counsel was appointed to represent Mitchell. Mitchell entered into a written plea agreement with the Government [Dkt. No. 361] and pleaded guilty to one count of conspiracy to commit mail fraud.

Following Mitchell's guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSR") [Dkt. No. 744] establishing a sentencing range in

accordance with the United States Sentencing Guidelines (the "Guidelines"). The PSR classified Mitchell as a leader in the conspiracy, noting her supervision of other individuals in the fraud scheme as well as her recruitment of other individuals into the scheme. The PSR recommended a total offense level of 24, a criminal history category of III, probation ineligibility, and a total sentencing range of 63-78 months imprisonment.

Mitchell's counsel filed several objections to the PSR regarding Mitchell's alleged role as a leader in the conspiracy, denying that she recruited others and arguing that Mitchell should be regarded as a manager in the conspiracy, subject to a three-point, rather than four-point sentencing enhancement. *See* Amended Addendum to the Presentence Investigation Report [Dkt. No. 744-1].

On August 10, 2011, Mitchell appeared with counsel for a sentencing hearing before this court. *See* Sentencing Hearing Transcript [Dkt. No. 1622]. At sentencing, the court asked Mitchell whether she had spoken to her attorney about the PSR, to which she answered in the affirmative. The Court also asked Mitchell if she objected to the factual statements in the PSR, to which she responded, "No ma'am." The court heard Mitchell's objection to the vulnerable victim enhancement, ruled on all of the objections, and adopted the factual findings of the PSR. The court then proceeded to review Mitchell's sentencing calculation, which included a base level calculation of seven; a fourteen-point enhancement based on the loss amount as stipulated in the plea agreement; a four-point enhancement for her leadership role in the conspiracy; a three-point reduction for accepting responsibility; and the removal of the two-point vulnerable victim enhancement. *Id*. Mitchell's counsel requested that the court enter a judgment at the lower end of her sentencing range, noting Mitchell's health problems, her advanced age, and made repeated references to Mitchell's acceptance of responsibility for her leadership role in the

conspiracy. The court sentenced Mitchell to 57 months imprisonment, three years of supervised release and restitution in the amount of $205,705.12. Mitchell did not appeal her sentence.

Mitchell timely[1] filed the instant Motion to Vacate, Correct, or Set aside her sentence pursuant to 28 U.S.C. § 2255. In her motion, Mitchell contends that she received ineffective assistance of counsel because her counsel failed to argue for the removal of Mitchell's leadership role enhancement; that the prosecutor engaged in misconduct in including the leadership role enhancement in Mitchell's sentencing calculation; that the restitution amount was improper; and that the District Judge imposed a sentence greater than the maximum allowable.

## DISCUSSION

**Ineffective Assistance of Counsel**

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate: (1) that the representation of counsel fell below an objective standard of reasonableness; and (2) that the petitioner was prejudiced by counsel's deficiencies to the extent that she was denied a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687-92 (1984). The petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. The court reviews "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690.

The *Strickland* two-pronged test also applies when a petitioner alleges ineffective assistance of counsel at the guilty plea stage. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). In the context of a guilty plea, the first prong of the *Strickland* test is the same while the prejudice

---

[1] The Court entered its judgment against Mitchell on August 17, 2011. Mitchell filed the instant motion on July 19, 2012. The filing is within the one-year time limitations set forth in 28 U.S.C. § 2255.

4

prong requires the court to "determine whether 'but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial.'" *United States v. Mooney*, 497 F.3d 397, 404 (4th Cir. 2007) (quoting *Hill*, 474 U.S. at 59)).

Here, Mitchell argues that her assigned counsel was not sufficiently knowledgeable about the facts of this case and that he failed to object to Mitchell's sentencing enhancement under U.S.S.G. § 3B1.1(a).[2] With regard to counsel's knowledge about the facts of this case, Mitchell stated during her plea hearing that she was satisfied with her counsel, that she had spoken with her counsel about all the issues in the case, including the particular charge, the maximum possible punishment, the government's evidence and the likely trial strategy. Mitchell's dissatisfaction as stated in the instant motion contradicts her prior sworn statements. Therefore, her claims regarding her attorney's lack of knowledge about the case are dismissed. *See Fields v. Attorney Gen. of State of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992). ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy.")

Mitchell's claim that counsel failed to object to Mitchell's role in the conspiracy is also without merit. Counsel filed several written objections to the PSR's characterization of Mitchell as a leader, arguing against the sentencing enhancement on several grounds. The transcript supports Mitchell's contention that her counsel did not further argue these objections at the sentencing hearing. However, the prior written objections sufficiently notified the court of Mitchell's arguments. Ultimately, the court ruled on the previously filed objections during sentencing, finding that the government had presented sufficient evidence to support the

---

[2] This section, "Aggravating Role," provides that "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by levels." U.S.S.G. § 3B1.1(a)(emphasis in original).

5

contention that Mitchell was a leader in the conspiracy and required a four-point sentencing enhancement under the Guidelines. For these reasons, the court finds no basis for Mitchell's claims of ineffective assistance of counsel.

**Prosecutorial Misconduct**

"To prevail on a claim of prosecutorial misconduct, a defendant must show (1) that the prosecutor's remarks and conduct were, in fact, improper and (2) that such remarks or conduct prejudiced the defendant to such an extent as to deprive the defendant of a fair trial." *United States v. Allen*, 491 F.3d 178, 190 (4th Cir. 2007) (internal citations omitted).

Mitchell's argument for prosecutorial misconduct is also based on Mitchell's objection to her leadership role enhancement.[3] The Government's position that Mitchell was a leader is well supported by allegations in the PSR and the facts alleged at the sentencing hearing. Commentary to U.S.S.G. § 3B1.1 provides that in determining whether a co-conspirator is a leader, a court should consider the following:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1, cmt. n. 4.

The government put forth evidence that Mitchell recruited and employed others to recruit individuals to participate in the conspiracy, organized and instructed crews on how to engage in the fraud scheme, accompanied other "check negotiators" on shopping trips and signed checks for them, and received a percentage of the sale of items purchased with the bad checks written by

---

[3] In her original motion, Mitchell alleged that the court told the prosecutor to remove the four-point enhancement for her leadership role. There is nothing in the record to support this contention, and Mitchell seems to have abandoned this particular argument as she does not mention prosecutorial misconduct at all in her Reply.

her recruits. Because the record contains evidence that Mitchell had the characteristics of a leader as defined in U.S.S.G. § 3B1.1, Mitchell cannot establish that the role enhancement was the result of prosecutorial misconduct.

Mitchell also argues that the Government was required to prove to a jury the facts establishing that Mitchell was a leader in the conspiracy. This is incorrect. As the court explained at the sentencing hearing, the standard in determining a co-conspirator's role and responsibility in a conspiracy is made by the court based on a preponderance of the evidence. With regard to sentencing enhancements, a jury must determine facts supporting that enhancement beyond a reasonable doubt where those facts increase the penalty for a crime beyond the statutory maximum. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). In this case, Mitchell's role as a leader does not increase her sentence beyond the statutory maximum, which for this offense, is twenty years. Mitchell received only 57 months. Therefore, a jury was not required to determine facts establishing Mitchell's role in this case.

**Improper Restitution Amount**

Mitchell next argues that the restitution amount of $205,705.12 is improper. The government contends that this claim is barred by the plea agreement Mitchell signed. The court agrees.

> Paragraph 12 of Mitchell's plea agreement reads, in full:
>
> 12. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant in exchange for the concessions made by the United States in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceeding under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct.

7

Plea Agreement [Dkt. No. 361]. The court will enforce such waivers as long as there is no claim that the government breached its obligations under the agreement and as long as the record establishes that (1) the defendant knowingly and intelligently agreed to waive the right to appeal; and (2) the issue being appealed is within the scope of the waiver. See *United States v. Manigan,* 592 F.3d 621, 627 (4th Cir.2010); *United States v. Blick*, 408 F.3d 162 (2005). The same standard applies to waivers of motions for relief under § 2255. *United States v. Lemaster,* 403 F.3d 216, 220 (4th Cir. 2005).

In this case, the court engaged in a thorough plea colloquy with Mitchell as required by Fed. R. Crim. P. 11. *See* Plea Hearing Transcript [Dkt. No. 1620]. Mitchell stated that she was satisfied with her counsel and that she had spoken with her counsel about all the issues in the case. *Id*. at 19-21. Furthermore, the court explained to Mitchell the effect of the appellate waiver in that plea agreement, including the limitations of the agreement. *Id*. at 36-37. Mitchell averred that she understood the effect of the waiver. *Id*. at 37. At the conclusion of the change of plea hearing, the court found that Mitchell entered into her plea freely and voluntarily and that her plea was supported by an independent basis in fact regarding each of the essential elements of the offense. *Id.* at 59. Therefore, the court finds that Mitchell had a full understanding of the plea agreement including its waiver provision and that she knowingly and voluntarily entered into the plea agreement.

Mitchell argues that the waiver contained in the plea agreement is not applicable because the waiver does not apply to claims of ineffective assistance of counsel, which she alleges here on the grounds that counsel failed to challenge the restitution amount. Mitchell believes that, because she did not directly transact any business with two of the alleged victims in this case, Certegy Check Services and TeleCheck, she should not be held responsible for the bad acts of

her co-conspirators. Under the Mandatory Victim's Restitution Act ("MVRA"), 18 U.S.C. § 3663A(a)(1). "victims" are defined as persons "directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." 18 U.S.C.A. § 3663A(a)(2). As a result, "under the MVRA, each member of the conspiracy that in turn causes property loss to a victim is responsible for the loss caused *by the offense*." *United States v. Newsome*, 322 F.3d 328, 341 (4th Cir. 2003) (emphasis in original). Since Mitchell admitted her involvement in the conspiracy, and because under the MVRA, she was responsible for the loss caused by the conspiracy, there was no reason for counsel to object to the government's failure to tie her specific actions directly to specific damage amounts suffered by Certegy Check Services and TeleCheck. Furthermore, the restitution amount imposed was well below the 1.8 million dollars that the Government attributed to the conspiracy and well below the loss amount range of $400,000.00 – $1,000,000.00 stipulated to in Mitchell's plea agreement. Therefore, the court finds no merit in Mitchell's claims of ineffective assistance of counsel for failing to challenge the restitution amount.

**Resentencing**

Mitchell's final objection asserts that this court imposed a sentence greater than the maximum authorized by the facts; that the facts supporting her leadership role enhancement should have been presented to the jury; that the forfeiture order was illegal because the restitution amount was improper; and that Mitchell should have been given a sentence similar to those given to her co-defendants.

These objections reiterate issues addressed above. However, the court will address Mitchell's claim that she should have been sentenced similarly to her co-defendants. Mitchell was sentenced as a result of the calculation set forth at the sentencing hearing, which included consideration of her role in the conspiracy, the loss amount attributed to the conspiracy, and her past criminal history. Mitchell's sentence is comparable to others who were classified as leaders in the conspiracy. For example, Robert Johnson received a 57-month sentence, the same as Mitchell. Similarly, Dorothy Mitchell, another alleged leader, received a comparable 53 month sentence. Therefore, the court finds that Mitchell received a sentence comparable to other leaders in the conspiracy.

## CONCLUSION

For the foregoing reasons, the court **DENIES** Petitioner Hope Mitchell's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody [Dkt. No. 1597]. Additionally, the court finds no genuine issues of material fact remains and thus **GRANTS** the United States of America's Motion for Summary Judgment [Dkt. No. 1647].

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*,

252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED**.

/s/ J. Michelle Childs
United States District Judge

April 4, 2013
Greenville, South Carolina