IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Robert Johnson, ) | |
| ) | Criminal Action No.: 7:11-cr-00053-JMC-4 |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the court on Petitioner Robert Johnson's [Johnson] Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody [Dkt. No. 1730] pursuant to 28 U.S.C. § 2255. The United States of America (the "Government") filed a response in opposition to Johnson's motion seeking dismissal and/or summary judgment on the motion. [Dkt. No. 1810]. Pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir.1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant has filed his response, and the matter is ripe for resolution.

A prisoner in federal custody under sentence of a federal court may petition the court that imposed the sentence to vacate, set aside, or correct the sentence. *See* 28 U.S.C. § 2255. The prisoner may be entitled to relief upon a showing: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack. *Id.* A petitioner collaterally attacking his sentence or conviction pursuant to § 2255 bears the burden of proving his grounds for collateral attack by a preponderance of the evidence. *White v. United States*, 352 F. Supp. 2d 684, 686 (E.D. Va. 2004) (citing *Miller v. United States*, 261 F.2d 546 (4th Cir. 1958)). In ruling

on a § 2255 motion, the court may dismiss the motion without a hearing where "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." 28 U.S.C. § 2255(b) (noting that a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

The Government has also sought summary judgment on Johnson's claims in this case. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).

After reviewing the parties' respective memoranda and the record of the underlying proceedings, the court **DENIES** Mitchell's § 2255 petition and **GRANTS** summary judgment in favor of the Government.

## FACTUAL AND PROCEDURAL BACKGROUND

Johnson was indicted by a Federal Grand Jury in the District of South Carolina for conspiracy to commit mail fraud in violation of Title 18 U.S.C. §§ 1341 and 1349. On January 20, 2011, Johnson was arraigned and entered a plea of not guilty. Counsel was appointed to represent Johnson. On April 21, 2011, Johnson pleaded guilty in open court and without a written plea agreement to one count of conspiracy to commit mail fraud. [Dkt. No. 424].

Following Johnson's guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSR") [Dkt. No. 738] establishing a sentencing range in accordance with the United States Sentencing Guidelines (the "Guidelines"). The PSR classified

Johnson as a leader in the conspiracy subject to a sentencing enhancement under U.S.S.G. § 3B1.1(a).[1] The PSR noted that the evidence showed that Johnson had recruited other individuals into the conspiracy, that he organized and instructed crews on how to conduct the fraudulent activities, and that he received a percentage of the sale of items purchased and resold by his crew members. The PSR recommended a total offense level of 26, a criminal history category of III, probation ineligibility, and a total sentencing range of 78-97 months imprisonment. Johnson's counsel filed written objections to the PSR challenging the factual assertions tending to show that Johnson was a leader and the loss amount attributable to the conspiracy. *See* Amended Addendum to the Presentence Investigation Report [Dkt. No. 738-1].

On August 10, 2011, Johnson appeared with counsel for a sentencing hearing before this court. The court sentenced Johnson to 57 months imprisonment, three years of supervised release and restitution in the amount of $205,705.12 to be paid in monthly installments upon his release from custody. Johnson did not appeal his sentence.

Johnson filed the instant Motion to Vacate, Correct, or Set aside his sentence pursuant to 28 U.S.C. § 2255. Johnson's sole contention is that his counsel was ineffective for failing to secure a written plea agreement from the Government.

**DISCUSSION**

---

[1] This section, "Aggravating Role," provides that "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by levels." U.S.S.G. § 3B1.1(a)(emphasis in original).

The Government asserts that Johnson's §2255 petition should be dismissed because it is untimely. A person convicted of a federal offense has one year to file a § 2255 petition, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

When the defendant does not appeal, his conviction becomes final when his opportunity to appeal expires. *See Clay v. United States* 537 U.S. 522, 524–25, 532 (2003); *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (explaining that petitioner's conviction became final on the date he declined to pursue further direct appellate review). In a criminal case, a defendant must file his notice of appeal "within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Fed. R. App. P. 4.

In this case, the court entered judgment on August 17, 2011. Neither Johnson nor the government filed an appeal. Pursuant to Fed. R. App. P. 4, Johnson's opportunity to appeal expired on August 31, 2011, and his conviction became final on that date. Johnson filed his § 2255 petition on September 27, 2012, approximately 27 days after the statute of limitations had expired. Therefore, Johnson's § 2255 petition is untimely.

Johnson asserts that, pursuant to § 2255(f)(3), his motion is exempt from the one-year statute of limitations as a result of two recent rulings in the United States Supreme Court, *Missouri v. Frye,* —— U.S. ——, 132 S. Ct. 1399 (2012) and *Lafler v. Cooper*, —— U.S. ——, 132 S. Ct. 1376 (2012), which, he argues, establish newly recognized rights made retroactively applicable to cases on collateral review. The court disagrees.

In *Frye*, the Court held that defense counsel who failed to inform the defendant of a plea offer before the offer lapsed rendered ineffective assistance of counsel in violation of the Sixth Amendment. 132 S. Ct. at 1408. In *Lafler*, the court held that a defendant received ineffective assistance of counsel when he was advised to reject a plea agreement, which resulted in defendant going to trial, being found guilty and receiving a sentence at trial that was more severe. 132 S. Ct. at 1381 (2012). The court held that the defendant was clearly prejudiced by his counsel's advice to reject the plea agreement, despite the fact that he had gone through a fair trial, but required a further showing that "there is a reasonable probability that the plea offer would have been presented to the court, that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the actual judgment and sentence imposed." *Id.*

As the Government rightly points out, the majority of courts addressing the issue have held that neither *Frye* nor *Lafler* create a new constitutional right that is retroactive to cases on collateral review such that they may be relied upon to rescue a time-barred § 2255 petition. *See Ortiz v. United States*, 2012 WL 5438938 (E.D.N.Y. Nov. 7, 2012) (collecting cases from the United States Courts of Appeals for the Fifth, Ninth, and Eleventh Circuits, as well as district court cases from within the Fourth Circuit, which have determined that *Frye* did not create a new constitutional right that is retroactive to cases on collateral review); *see also Gist v. United*

*States*, 2013 WL 1303101 (D.S.C. Mar. 28, 2013) (agreeing with cases from the Fifth, Seventh, Ninth and Eleventh Circuits that *Lafler* does not establish a new constitutional right that is retroactive to cases on collateral review).

Apart from whether *Frye* and *Lafler* create new rights or whether such rights are retroactive, neither decision is applicable to the facts presented in this case. Johnson does not allege that his counsel failed to inform him about a plea agreement nor does he assert that his counsel wrongly advised him to reject a plea agreement. To the contrary, Johnson's counsel presented his client with two plea offers, the first of which Johnson rejected on his own accord and the second of which he would have rejected, but for his counsel's advice to accept the plea, on an unfounded belief that if he held out, he would be offered an even more favorable deal. *See Gist*, 2013 WL 1303101 ("the rule announced in *Lafler* would not appear even to be applicable to . . . the much more common scenario where a defendant elects to plead guilty rather than go to trial").

Finally, although the Fourth Circuit recognizes that § 2255 petitions are subject to equitable tolling, Johnson has cited no grounds justifying equitable tolling in his case. Therefore, the court concludes that the one-year statute of limitations bars Johnson's claim, and the court need not address Johnson's claim on the merits.

## CONCLUSION

For the foregoing reasons, the court **DENIES** Petitioner Robert Johnson's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody [Dkt. No. 1730] and **GRANTS** the United States of America's Motion for Summary Judgment [Dkt. No. 1810].

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED**.

*J. Michelle Childs*

United States District Judge

April 5, 2013
Greenville, South Carolina